UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-5483-MWF (JPRx) | **Date:** September 6, 2023 |
| **Title:** Shawn L. Quinney v. City of Santa Monica et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9]

Before the Court is Plaintiff Shawn Quinney's Motion to Remand (the "Motion"), filed on August 4, 2023.  (Docket No. 9).  Defendant City of Santa Monica filed an Opposition on August 21, 2023.  (Docket No. 11).  Plaintiff filed no Reply.

The Motion was noticed to be heard on September 11, 2023.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**.  Defendant has met its burden of demonstrating that Plaintiff's Complaint raises issues of federal law under 42 U.S.C. § 1983 and the U.S. Constitution, over which this Court has original jurisdiction.  Therefore, the Court also has supplemental jurisdiction over the remaining state law claims that arise from the same facts as the federal claim.

## I.  BACKGROUND

Because the Motion turns on federal question jurisdiction rather than the merits of Plaintiff's claims, the Court provides an abbreviated version of the facts.

Plaintiff Shawn Quinney commenced this civil action against the City of Santa Monica on May 4, 2023, in Los Angeles Superior Court.  (Notice of Removal ("NOR")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-5483-MWF (JPRx)					Date:  September 6, 2023
Title:  Shawn L. Quinney v. City of Santa Monica et al.

(Docket No. 1) ¶¶ 1).  In his Complaint, Plaintiff alleges that he was a victim of police misconduct and excessive force that resulted in bodily injuries.  (NOR, Ex. A (Complaint) (Docket No. 1-1) ¶¶ 9–10).  Based on this incident, the Complaint alleges eight causes of action, including a violation of the Bane Act pursuant to California Civil Code § 52.1.  (*Id.* ¶¶ 15–83).

On July 7, 2023, Defendant removed the action to this Court, arguing that the Complaint alleged that Plaintiff's Bane Act claim implicates federal issues by referencing 42 U.S.C. § 1983 and Plaintiff's Fourth and Fourteenth Amendment rights under the U.S. Constitution.  (NOR ¶¶ 4–5).

Plaintiff filed this Motion on March 13, 2023.

## II.  LEGAL STANDARD

A motion to remand is the vehicle used to challenge the removal of an action.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c).  In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction.  *See* 28 U.S.C. § 1441.

Federal courts have original jurisdiction over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

A removing defendant bears the burden of establishing that removal is proper.  *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-5483-MWF (JPRx)          Date: September 6, 2023
Title: Shawn L. Quinney v. City of Santa Monica et al.

removing defendant"). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

### A. Local Rule 7-3

Defendant argues that the Motion should be denied in its entirety based on Plaintiff's failure to meet and confer prior to filing his Motion as required by Local Rule 7-3. (Opp. at 2, 4). But even if Plaintiff failed to comply with Local Rule 7-3, it does not appear that Defendant has suffered prejudice as a result. The Court, therefore, will proceed to the merits of the Motion. *See, e.g.*, *Reed v. Sandstone Props., L.P.*, No. 12- 5021, 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) (consideration of the merits of a motion when the opposing party was not prejudiced).

### B. Diversity Jurisdiction

Plaintiff argues that the action should be remanded because Defendant failed to carry its burden of establishing complete diversity of citizenship. (Motion at 1–2). However, Plaintiff's argument is unavailing because Defendant removed this case by arguing that this Court has original jurisdiction over Plaintiff's Bane Act claim, which cites § 1983 and his Fourth and Fourteenth Amendment rights. (NOR ¶¶ 4–5; *see also* Complaint ¶¶ 77–78).

Because Defendant does not seek removal based on diversity jurisdiction, the Court proceeds to address the issue of federal question jurisdiction.

### C. Federal Question Jurisdiction

Plaintiff contends that removal is improper because the Complaint's allegations that Defendant acted "under color of law" and the erroneous inclusion of federal claims under § 1983 is insufficient to confer federal question jurisdiction. (Motion at 3–4; *see*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-5483-MWF (JPRx)**                     **Date:  September 6, 2023**
**Title:  Shawn L. Quinney v. City of Santa Monica et al.**

*also* NOR ¶ 4).  Plaintiff also states that he would agree to withdraw any federal claims to remand this case back to Superior Court.  (Motion at 3).

In response, Defendant argues that removal was proper because, as Plaintiff concedes, the Complaint includes federal claims.  (Opp. at 3).  In addition, Defendant contends that Plaintiff can remedy any mistake in the Complaint by amendment, not a motion to remand.  (Opp. at 3).

As an initial matter, "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."  *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam).  The Court must therefore determine whether it has federal question jurisdiction based on the Complaint filed in Superior Court.

Regarding Plaintiff's Complaint, both parties agree that the Bane Act claim references federal law, including § 1983 and the U.S. Constitution.  (Motion at 3; Opp. at 3).  But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  Under the well-pleaded complaint rule, a claim "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983).  "[W]hen an alternative theory of relief exists for each claim alleged in the complaint, one not dependent upon federal law, federal question jurisdiction is defeated."  *Int'l Union of Operating Engineers v. Cnty. of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009) (internal quotation marks and citation omitted).

Under California's Bane Act, a party may bring an action for violation of "the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state."  Cal. Civ. Code § 52.1.  Here, Plaintiff brought his Bane Act claim by alleging violations of his Fourth and Fourteenth Amendment rights.  (*See* Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-5483-MWF (JPRx)          Date: September 6, 2023
Title: Shawn L. Quinney v. City of Santa Monica et al.

¶¶ 77–78). Plaintiff's Bane Act claim therefore "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27–28.

Further, Plaintiff's remaining claims arise from the same incident of police misconduct as the Bane Act claim. (*See* Complaint ¶ 15–83). Accordingly, the Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1988) (noting that "a federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding'").

Plaintiff argues that his Bane Act claim does not implicate issues of federal law because it can stand without reference to § 1983. (*See* Opp. at 3). However, this argument is meritless because the Complaint offers no state law theory for the Bane Act claim. *Cf. Rodriguez v. City of Fresno*, No. 16-268, 2016 WL 1138188, at *3 (E.D. Cal. Mar. 23, 2016) (granting a motion to remand because the plaintiff's Bane Act claim referenced violations of both federal and state constitutional rights); *Box v. Broadway Ctr., LLC*, No. 18-1978, 2018 WL 6584143, at *3 (C.D. Cal. Dec. 14, 2018) (remanding a case because the plaintiff's "cause of action for violation of the Bane Act could be decided wholly on whether there was a violation of Article I, Section 2 of the California Constitution"). Because Plaintiff provides no alternative theory of relief dependent on state law, the Court has original jurisdiction over Plaintiff's Bane Act claim and supplemental jurisdiction over the remaining state law claims.

Plaintiff also notes that he "can agree to remove the inclusion" of any reference to § 1983 in his Complaint. (*See* Motion at 3). The Court acknowledges that Plaintiff has a right to choose between pursuing federal claims or staying in state court. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). In other words, Plaintiff can dismiss his federal claims and move for remand. *See id.* (rejecting the district court's finding that the plaintiff had been manipulative by dismissing their federal claims after removal). And, where "removal is originally proper and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-5483-MWF (JPRx)          **Date:** September 6, 2023
Title: Shawn L. Quinney v. City of Santa Monica et al.

operative complaint amends out all claims over which the court had original jurisdiction, . . . a district court's decision to retain a case is discretionary." *Gonzalez v. Cal. Highway Patrol*, 2021 WL 3565306, at *2 (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction[.]").  The Court may then consider another motion to remand if Plaintiff files an amended complaint that dismisses all claims implicating issues of federal law.

       Accordingly, the Motion is **DENIED**.

       Plaintiff shall file a First Amended Complaint ("FAC"), if any, by no later than **September 18, 2023**.  Failure to file a FAC by that date will be construed as a decision to proceed on both federal and state claims before this Court.  This Court does not promise Plaintiff that the action will be remanded if a FAC is filed.  This Court will decide that issue upon a future motion to remand that is focused on this Court's discretion.

       IT IS SO ORDERED.