JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-05483-KK-JPR** | Date: | December 13, 2023 |
|---|---|---|---|
| Title: | *Shawn L. Quinney v. City of Santa Monica, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| NOE PONCE | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order GRANTING Plaintiff's Notice of Voluntary Dismissal [Dkt. 23]**

On November 21, 2023, Plaintiff Shawn Quinney ("Plaintiff") filed a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a) voluntarily dismissing the matter and requesting the matter be dismissed without prejudice. ECF Docket No. ("Dkt.") 23. On November 28, 2023, this Court conditionally granted Plaintiff's request for voluntary dismissal, but gave Defendant City of Santa Monica et al, ("Defendant") ten days to file any objections to the Court's Order. Dkt. 25. On December 8, 2023, Defendant filed Objections arguing it "would be prejudiced if Plaintiff is permitted to dismiss all of his federal claims without prejudice since it leaves open the opportunity for Plaintiff to refile the claims at a later date." Dkt. 26 at 2.

For the reasons set forth below, Defendant's Objections are overruled and Plaintiff's request to voluntarily dismiss without prejudice is GRANTED.

**I.
BACKGROUND**

Plaintiff initiated this action by filing a complaint in Los Angeles County Superior Court alleging multiple claims stemming from police misconduct, including negligence, assault and battery, false arrest, and intentional and negligent infliction of emotional distress. Dkt. 1-1. On July 7, 2023, Defendant filed a Notice of Removal to this Court. Dkt. 1.

On August 4, 2023, Plaintiff filed a Motion to Remand. Dkt. 9. On September 6, 2023, the Court denied Plaintiff's Motion to Remand. Dkt. 13.

On September 18, 2023, Plaintiff filed a First Amended Complaint. Dkt. 14. On November 1, 2023, Defendant filed an Answer to the First Amended Complaint. Dkt. 17.

On November 13, 2023, Plaintiff filed a second Motion to Remand with a motion hearing set for December 11, 2023. Dkt. 19. On November 20, 2023, Defendant filed an Opposition. Dkt. 20.

On November 21, 2023, Plaintiff filed a Notice of Voluntary Dismissal of all federal claims without prejudice under Federal Rule of Civil Procedure 41(a). Dkt. 23. The Court conditionally granted the request and dismissed the case without prejudice, but gave Defendant ten days to file objections to the Court's Order. Dkt. 25.

Defendant objected to dismissal arguing it would be prejudiced "since all claims can be fairly adjudicated now" and dismissal without prejudice could result in Defendant relitigating "issues that overlap both federal and state law." Dkt. 26 at 7-8. Defendant additionally requested the Court award costs of the action, if dismissal is ordered without prejudice. Id. at 8. Defendant lastly argued this Court should retain supplemental jurisdiction over the matter "since Plaintiff's Bane Act claim is inextricably intertwined with federal questions." Id. at 9-10.

## II.
## DISCUSSION

### A. DISMISSAL WITHOUT PREJUDICE IS WARRANTED.

#### 1. Applicable Law

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissal once a defendant has filed an answer. Under Rule 41(a)(2), "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise. See id. Whether to allow dismissal with or without prejudice is discretionary with the court. See Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2002) (holding Rule 41 vests the district court with broad discretion, which "does not contain a preference for one kind of dismissal or another"). "The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal." Burnette v. Godshall, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993) (citing Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987)).

#### 2. Analysis

Here, considering the outlined above, dismissal without prejudice is warranted. This matter has been pending in federal court for only about four months.[1] Although Defendant has put time into "removing this action and defending Plaintiff's repeated requests to remand[,]" Defendant does not allege it has expended substantial effort and expense "preparing for trial" or other litigation, aside from its vague, non-specific claim that it "has incurred significant costs[.]" Id. at 8-9. Thus far, Defendant has filed an Answer, two oppositions to Plaintiff's motions for remand, and one set

---

[1] The state action was commenced on May 4, 2023. Dkt. 1 at 2.

of Objections to the Court's recent dismissal order—none of which have been particularly voluminous pleadings.  See dkts. 11, 17, 20, 26.

Additionally, Defendant does not allege there has been excessive delay or lack of diligence by Plaintiff in prosecuting this action.[2]  In fact, it appears Plaintiff filed his Motion to Remand within one month of Defendant's Notice of Removal.  See dkts. 1, 9.  Further, Plaintiff filed the First Amended Complaint within two weeks of the Court's denial of his Motion to Remand.  See dkts. 13, 14.

Lastly, Defendant does not allege Plaintiff provided an "insufficient explanation of the need to take a dismissal."  Instead, Defendant raises a speculative concern Plaintiff would use this opportunity to engage in forum shopping or take "multiple bites of the apple."  Dkt. 26 at 7-8.  Considering the factors described above, there is nothing to warrant this Court deviating from the default rule to grant Plaintiff's request for dismissal with prejudice.

**B.      DEFENDANT ARE NOT ENTITLED TO COSTS AND FEES.**

   **1.      Applicable Law**

"Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).  "In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." Santa Rosa Mem'l Hosp. v. Kent, 688 F. App'x 492, 494 (9th Cir. 2017) (unpublished) (cleaned up) quoting Williams v. Peralta Cmty. Coll. Dist., 227 F.R.D. 538, 540 (N.D. Cal. 2005)).

   **2.      Analysis**

Here, imposition of Defendant's costs on Plaintiff is not warranted for many of the same reasons outlined above.  There has been no excessive and duplicative expense as a result of a second litigation alleged; Defendant has not alleged it has spent substantial expense and time preparing for trial; litigation has been pending for only four months and has barely progressed beyond the Answer stage; and Plaintiff appears to have been diligent in his attempts to close out this federal case by filing two motions for remand before promptly filing the instant request for dismissal.  The factors outlined above do not support awarding Defendant its costs and fees.

///

///

///

///

---

[2] The only request for an extension of time was by Defendants to file its Answer.  See dkt. 15.

### C.  SUPPLEMENTAL JURISDICTION IS NOT WARRANTED.

####    1.  Applicable Law

Under 28 U.S.C. § 1367(c), a district court may decline supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"[A] district court can decline jurisdiction under any one of [the statute's] four provisions." San Pedro Hotel Co. v. City of L.A., 159 F.3d 470, 478 (9th Cir. 1998). When a district court declines supplemental jurisdiction over a state law claim pursuant to one of the first three provisions of the statute—that is, §§ 1367(c)(1)–(3)—the court need not state its reasons for dismissal. Id.

####    2.  Analysis

Here, Defendant requests this Court retain supplemental jurisdiction because "Plaintiff's Bane Act claim is inextricably intertwined with federal questions." Dkt. 26 at 10. The Court declines to exercise supplemental jurisdiction because all claims of which this Court has original jurisdiction are being dismissed. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (holding if federal claims dismissed before trial, state claims should be dismissed as well); Gypsum Resources, LLC v. Masto, 671 F.3d 834, 836 (9th Cir. 2011); McKinney v. Carey, 311 F.3d 1198, 1201 n.2 (9th Cir. 2002) (holding district court appropriately declined to exercise supplemental jurisdiction over state claims where federal claims dismissed).

## III.
## CONCLUSION

Accordingly, for the reasons set forth above, (1) Defendant's Objections are overruled, (2) Plaintiff's request for voluntary dismissal of all federal claims without prejudice is GRANTED, (3) the Court declines to exercise supplemental jurisdiction over the remaining state law claims, (4) this matter is DISMISSED; and (5) Plaintiff's Motion to Remand is DEEMED MOOT.